UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRADLEY SCOTT RITCHIE, et al.,

    Plaintiff(s),

v.

CLARK COUNTY SCHOOL DISTRICT, et al.,

    Defendant(s).

Case No.: 2:19-cv-01480-JCM-NJK

**ORDER**

[Docket No. 4]

Pending before the Court is Plaintiffs' motion for leave to serve Defendant Mamie Hubbard-Washington by publication. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

Service by publication is generally disfavored because substituted service implicates a defendant's constitutional right to due process. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15; *Trustees of the Nev. Resort Assoc.—Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

Service is to be provided pursuant to the law of the forum state, or in which service is made. *See* Fed. R. Civ. P. 4(e)(1). Nevada law permits service by publication if the plaintiff cannot, after due diligence, locate the defendant. *See* Nev. R. Civ. P. 4.4(c)(1)(a). Due diligence is that which is appropriate to accomplish actual notice and is reasonably calculated to do so. *See Abreu v. Gilmer*, 115 Nev. 308, 313 (1999) (citing *Parker v. Ross*, 117 Utah 417, 217 P.2d 373, 379 (Utah

1950)). Courts may consider the number of attempts made to serve the defendant at his residence and other methods of locating the defendant, such as consulting public directories and family members. *See, e.g.*, *Price v. Dunn*, 787 P.2d 786, 786-87; *Abreu* 115 Nev. at 313; *McNair v. Rivera*, 110 Nev. 463, 874 P.2d 1240, 1241 (Nev. 1994).

Plaintiffs' attempts to date do not show sufficient diligent to allow service by publication. Plaintiffs first attempted service at an admittedly "old address," so there is no surprise that such service was not successful. *See* Mot. at 2. Plaintiffs then identified an additional address through voter registration records, but it appears Ms. Hubbard-Washington had recently moved. *See id*. at 2-3. In essence, Plaintiffs identified a single potentially fruitful address at which to serve Ms. Hubbard-Washington based on one method of finding a person. It is unclear whether any further efforts were made, including searching for updated address information in the voter registration records after the above attempt, searching motor vehicle records, searching phone directories, conducting basic Internet searches, or hiring a professional to conduct a skip trace.

For the reasons discussed above, Plaintiffs' efforts to serve Ms. Hubbard-Washington to date do not warrant allowing service by publication and that motion is **DENIED** without prejudice. The Court will instead **EXTEND** the deadline to effectuate service on Ms. Hubbard-Washington to November 4, 2019, *see* Fed. R. Civ. P. 4(m), to enable further efforts to locate and serve her.

IT IS SO ORDERED.

Dated: September 17, 2019

_____
Nancy J. Koppe
United States Magistrate Judge