# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRADLEY SCOTT RITCHIE, et al.,

    Plaintiff(s),

v.

CLARK COUNTY SCHOOL DISTRICT, et al.,

    Defendant(s).

Case No.: 2:19-cv-01480-JCM-NJK

**Order**

[Docket No. 18]

Pending before the Court is Defendants' motion to stay discovery pending resolution of their motion to dismiss. Docket No. 18; *see also* Docket No. 7 (motion to dismiss). Plaintiffs filed a response and supplemental response. Docket Nos. 22, 24. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to stay discovery is **GRANTED**.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery should proceed absent a "strong showing" to the contrary. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that a stay of discovery is appropriate when: (1) the pending motion is potentially dispositive in nature and scope; (2) the potentially dispositive motion can be decided without additional discovery; and (3)

1

the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[1]

The Court finds that each of the three elements above has been shown in this case and that a stay of discovery is warranted. Accordingly, the motion to stay discovery is hereby **GRANTED**. In the event that resolution of the motion to dismiss does not result in the termination of this case, then the parties must file a proposed discovery plan within 14 days of the issuance of the order resolving that motion.

IT IS SO ORDERED.

Dated: November 1, 2019

Nancy J. Koppe
United States Magistrate Judge

---

[1] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to dismiss in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the motion to dismiss and subsequent briefing.