UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRADLEY SCOTT RITCHIE, et al.,<br><br>            Plaintiff(s),<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT, et al.,<br><br>            Defendant(s). | Case No.: 2:19-cv-01480-JCM-NJK<br><br>**ORDER**<br><br>[Docket Nos. 37, 38] |

Pending before the Court is Plaintiffs' third motion for leave to serve Defendant Mamie Hubbard-Washington by publication, as well as a supplement thereto. Docket Nos. 37, 38. The motion was filed on July 23, 2020, and the supplement was filed on August 3, 2020. No response has been filed, and the deadline for filing one has expired. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

The Court denied Plaintiffs' second motion for service by publication without prejudice. Docket No. 29. Pertinent to the issues now before the Court, that previous order recognized that the deadline for completing service had already expired and expressly required that "any further renewed motion must make a specific showing supported by meaningfully developed argument why reopening the deadline for service is appropriate." Docket No. 29 at 1 n.1 (citing to the already-extended service deadline of November 4, 2019). Notwithstanding that direct instruction, the pending motion does not address the standards for reopening and extending the deadline to effectuate service, *see, e.g.*, Fed. R. Civ. P. 4(m), 6(b)(1)(B), nor does it provide meaningful discussion explaining how those standards have been met.

Complicating matters further, the Court previously ordered that any further renewed motion for service by publication had to be filed no later than 14 days after the resolution of the motion to dismiss. Docket No. 29 at 2. The motion to dismiss was resolved on May 15, 2020, so

the deadline for filing the instant motion was May 29, 2020.  Nonetheless, Plaintiffs filed this motion two months late, on July 23, 2020.  The motion acknowledges its untimeliness in a footnote, asserting without meaningful discussion that it was caused by pandemic-related delays involved with additional attempts to locate Defendant Hubbard-Washington.  *See* Docket No. 37 at 2 n.1.  The motion does not identify the governing standard for consideration of an untimely motion, Fed. R. Civ. P. 6(b)(1)(B), nor does it provide meaningful discussion explaining how that standard has been met.[1]

Accordingly, the third motion for service by publication is **DENIED** without prejudice.  This case is proceeding without Defendant Hubbard-Washington at this juncture.  *See, e.g.*, Docket No. 34 (scheduling order).  **Now is the time to file a proper motion to the extent Plaintiffs want to pursue their claims against her.**  Unless Plaintiffs file, by August 28, 2020, a renewed motion that identifies all of the applicable standards and provides meaningful explanation as to how they are met, an order to show cause will issue why the claims against Defendant Hubbard-Washington should not be dismissed for failure to effectuate service and/or failure to prosecute.  *See* Fed. R. Civ. P. 4(m), 41(b).

IT IS SO ORDERED.

Dated: August 21, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] On its merits, the instant motion does not detail all of the efforts made to locate and serve Defendant Hubbard-Washington.  Instead, it discusses only the most recent efforts and then incorporates by reference discussion of the previous efforts detailed in earlier motions.  *See* Docket No. 37 at 3 (referencing "the efforts detailed by Plaintiffs in their prior Applications").  The motion then provides block quotations to the applicable rules without any citation to case law, any meaningful explanation of the standards that are derived from the rules, or any meaningful application of facts to law.  *id.* at 4.  Such shortcomings are fatal to the motion on its merits.  *E.g.*, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).