# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRADLEY SCOTT RITCHIE, et al.,

    Plaintiff(s),

v.

MAMIE HUBBARD-WASHINGTON, et al.,

    Defendant(s).

Case No.: 2:19-cv-01480-JCM-NJK

**Order**

[Docket Nos. 53, 54]

    Pending before the Court is a stipulation to stay discovery. Docket No. 54. For the reasons stated at the hearing, that stipulation is **GRANTED** in part and **DENIED** in part. Discovery will be stayed only through December 21, 2020, and the discovery cutoff is extended to December 31, 2020.[1] Counsel must immediately schedule the remaining depositions now, so that they will take place by this cutoff in the event a settlement is not reached at the settlement conference. The Court is not inclined to grant any further extension to the discovery cutoff.

    Also pending before the Court is a stipulation for a settlement conference, Docket No. 53, which is **GRANTED**. That settlement conference is hereby **SET** for **1:00 p.m. on December 21, 2020**.[2] The settlement conference will be held remotely by video, with further instructions to be provided at a later date regarding the logistics for appearances.

---

[1] The Court does not extend herein any other deadlines from the scheduling order.

[2] Given the proximity of the settlement conference and the parties' representation that they are all available on this date, no continuance of this date will be allowed absent a showing of extraordinary circumstances.

1

The following individual(s) are **required to appear for the duration of the settlement conference**:

1. At least one attorney of record for each party with full knowledge of the case and who will be participating in the trial;
2. All parties appearing pro se;
3. All individual parties;
4. In the case of non-individual parties, an officer or representative with binding authority to settle this matter up to the full amount of the claim or last demand made; and
5. If any party is subject to coverage by an insurance carrier, then a representative of the insurance carrier with binding authority to settle this matter up to the full amount of the claim or last demand.[3]

Any request for an exception to the above attendance requirements must be filed and served on all parties within 3 days of the issuance of this order. Requests for an exception must be supported by a compelling justification for an exception.

## PREPARATION FOR SETTLEMENT CONFERENCE

In preparation for the settlement conference, the attorneys for each party, and the parties appearing *pro se*, if any, shall submit a confidential written settlement conference statement for the Court's *in camera* review. The settlement conference statement shall be concise and shall contain:

1. A brief statement of the nature of the action;
2. The names of the people who will attend the settlement conference;
3. A concise summary of the evidence that supports your theory of the case, including the names of individuals disclosed pursuant to Rule 26(a)(1)(A)(i), the Rule 26(a)(1)(A)(iii) computation of damages, and the Rule 26(a)(1)(A)(iv) insurance information. You must provide all information which documents or supports your damages

---

[3] Settlement conferences are closed to the public. Non-parties, including family members, are not permitted to attend.

claims. Copies of medical records or treatment records need not be submitted but, rather, shall be provided in a table or summary format;

4. Attachment of any documents or exhibits that are relevant to key factual or legal issues, including selected pages from deposition transcripts or responses to discovery requests;

5. Analysis of the key issues involved in the litigation. The analysis must include a discussion of the strongest points in your case, both legal and factual, and a frank discussion of the weakest points as well. The Court expects you to present a thorough analysis of the key issues and candid evaluation of the merits of your case;

6. Identification and explanation of any obstacles to settlement, e.g. medical liens, statutory caps, or motions pending before the Court;

7. The history of settlement discussions, if any, which have occurred in this case. Provide any demands, offers, or offers of judgment that have been made and, if applicable, the reasons they have been rejected. Attach a copy of all settlement correspondence, including all written demands or offers and responses thereto; and

8. The initial settlement proposal that will be presented at the settlement conference with a justification for any monetary amount. The proposal must include any non-monetary settlement terms that will be presented.

**The settlement conference statements must also include an email address for each participant.**

The settlement conference statements shall be submitted by email to njk_chambers@nvd.uscourts.gov no later than **3:00 p.m. on December 14, 2020**. Hard copies of the settlement conference statements will not be accepted. **DO NOT SERVE A COPY ON OPPOSING COUNSEL.**

The purpose of the settlement conference statement is to assist the undersigned Magistrate Judge in preparing for and conducting the settlement conference. In order to facilitate a meaningful conference, your utmost candor in responding to all of the above-listed questions is required. The

settlement conference statement will remain confidential.  If this case does not settle, the settlement conference statement will not be disclosed to the judge who ultimately presides over the trial.

**In addition to the above requirements, the parties and counsel must be substantially prepared to meaningfully participate in the settlement conference in good faith.**

**FAILURE TO COMPLY WITH THE REQUIREMENTS SET FORTH IN THIS ORDER WILL SUBJECT THE NON-COMPLIANT PARTY AND/OR COUNSEL TO SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 16(f).**

IT IS SO ORDERED.

Dated: December 9, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

4